IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| MICHAEL HODGES, | ) |
| | ) |
| Petitioner | ) CASE NO. 1:22-CV-00367-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| COMMONWEALTH OF PENNSYLVANIA | ) |
| BOARD OF PROBATION AND PAROLE, | ) MEMORANDUM OPINION ON PETITION |
| SUPERINTENDENT LONNIE OLIVER, | ) FOR WRIT OF HABEAS CORPUS |
| | ) |
| Respondents | ) IN RE: ECF NO. 9 |
| | ) |

For the reasons that follow, the Court will deny the Petition for Writ of Habeas Corpus (ECF No. 9) filed by state prisoner Michael Hodges ("Petitioner"), deny a certificate of appealability, and close this case.[1]

I. Factual and Procedural Background

The petition lacks detailed factual background in support of its lone ground for relief. Petitioner only states that "on 10/27/2022, the Pennsylvania Board of Probation and Parole moved Petitioner's controlling max date from 4/7/2024 to recomputed maximum state 3/21/206." ECF No. 9, p. 5. He acknowledges that he did not appeal this recalculation either in a direct appeal or a post-conviction proceeding. Id., p. 6.

---

[1] The Petitioner and Respondents have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant to 28 U.S.C. § 636.

1

Respondents have filed numerous state court records—including the dockets of various state courts—from which the Court distills the following factual background. On May 7, 1993, Petitioner was originally sentenced to a term of thirty years imprisonment by the state court. ECF No. 12, pp. 11-19 (Common Pleas Court docket CP-25-CR-2759-1992). His maximum parole date was November 26, 2022. *Id.*, pp. 20-23. Petitioner was released on parole on April 13, 2004. *Id.* pp. 24-26. Petitioner was then recommitted for a parole violation on February 7, 2014, for a term of six months and his new maximum date was set at April 27, 2023. *Id.*, p. 27.

Then, on September 14, 2018, Petitioner admitted to receiving new criminal charges and waived his parole hearing. *Id.*, pp. 32-38. Petitioner was again recommitted and a new maximum parole date of April 24, 2024, was set. *Id.*, pp. 39-40. The Parole Board denied Petitioner's request for administrative review on May 19, 2019. *Id.*, pp. 41-43. Petitioner was re-paroled again on January 23, 2020. *Id.*, pp. 46-48.

Petitioner was released from parole on April 27, 2022. *Id.*, pp. 52-60. On October 12, 2022, Petitioner again reoffended, admitted to the new criminal charges and waived a parole hearing. *Id.*, pp. 62-83. He was once again recommitted as a convicted parole violator on October 26, 2022, and new maximum parole date was recalculated to March 21, 2026. *Id.*, p. 85. The Board affirmed its decision and Petitioner's recalculated date on June 12, 2023. *Id.*, pp. 86-90. In affirming its decision, the Board expressly notified the Petition of his appeal rights, explaining that:

> [t]his decision involves an issue that is subject to the Board's administrative remedies process. *See* 37 Pa. Code. Sec. 73. Failure to administratively appeal the decision may affect your legal rights. If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty (30)

2

> days of the mailing date of this decision. This request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court. You may be entitled to counsel from the Public Defender's Office at no cost. Enclosed with this Board decision is an administrative remedies form and the names and addresses of all the chief public defenders in the Commonwealth. Any request for a public defender should be sent directly to the public defender's office in the county where you currently reside.

*Id.* p. 85. Despite these clear instructions, Petitioner did not seek review of the Board's decision.

Petitioner was granted leave to proceed *in forma pauperis* and his petition for habeas relief was docketed on Marcy 17, 2023. *See* ECF No. 9. The petition was submitted on the standard form for § 2254 habeas cases. *Id.* Petitioner's only stated ground for relief challenges the Board's most recent calculation of his maximum parole date. *Id.*, p. 5. Respondents have answered the Petition and the matter is now ripe for disposition. *See* ECF No. 12.

II.     Discussion and Analysis

*Petitioner's claim challenging the Board's October 26, 2022, decision is procedurally defaulted.*

Respondents assert that Petitioner's claim challenging the Board's October 26, 2022, decision must be denied because he did not exhaust his available state court remedies. *See* ECF No. 12, pp. 3-8. The Court agrees. The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to

3

the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Importantly, the Supreme Court has held that a petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. *Id.*

The related doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730. As the Supreme Court recently explained:

> State prisoners ... often fail to raise their federal claims in compliance with state procedures, or even raise those claims in state court at all. If a state court would dismiss these claims for their procedural failures, such claims are technically exhausted because, in the habeas context, "state-court remedies are ... 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). But to allow a state prisoner simply to ignore state procedure on the way to federal court would defeat the evident goal of the exhaustion rule. *See Coleman*, 501 U.S. at 732. Thus, federal habeas courts must apply "an important 'corollary' to the exhaustion requirement": the doctrine of procedural default. *Davila [v. Davis]*, 582 U.S., at ——, 137 S. Ct. [2058], 2064 [2017]. Under that doctrine, federal courts generally decline to hear any federal claim that was not presented to the state courts "consistent with [the State's] own procedural rules." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).
>
> Together, exhaustion and procedural default promote federal-state comity. Exhaustion affords States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam), and procedural default protects against "the significant harm to the States that results from the failure of federal courts to respect" state procedural rules, *Coleman*, 501 U.S. at 750, 111 S. Ct. 2546. Ultimately, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without [giving] an opportunity to the state courts to correct a constitutional violation," *Darr v. Burford*, 339 U.S. 200, 204 (1950), and to do so consistent with their own procedures, *see Edwards*, 529 U.S. at 452-453.

*Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022).

This Court has explained that "the procedural default doctrine provides that a Pennsylvania state prisoner in a non-capital case defaults a federal habeas claim if he: (1) failed to present a claim to the state court and cannot do so now because the state courts would decline to address the claim on the merits as a state procedural rule (such as a state's waiver or limitations rules) bar such considerations, or (2) failed to comply with a state procedural rule when he presented his claim to the state court, and for that reason, the state court declined to address the federal claim on the merits." *Cummings v. Adams*, 2023 WL 3093417, at *3–4 (W.D. Pa. Apr. 26, 2023) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (other citations omitted)).

Here, when it denied his request for administrative relief, the Board explained that, in order to properly exhaust his claim challenging its decision, Petitioner must first file an administrative appeal within 30-days of the mailing of the Board's Decision. ECF No. 9, p. 85 (citing 37 Pa. Code § 73.1)). If that appeal was unsuccessful, Petition would then have to file an appeal with the Commonwealth Court of Pennsylvania. *See* 42 Pa. Cons. Stat. § 763(a). If that appeal was unsuccessful, the Petitioner would then have to seek allowance of appeal with the Supreme Court of Pennsylvania. *See* Pennsylvania Rule of Appellate Procedure 1114; *Williams v. Wynder*, 232 Fed. Appx. 177, 179-80 (3d Cir. 2007). Petitioner did not complete these steps and the time for him to do so has long passed. *See, e.g., Cummings*, 2023 WL 3093417, at *4. Thus, his habeas claim is procedurally defaulted. *See* ECF No. 9, p. 6 (indicating Petitioner did not appeal the Board's decision).

This procedural default may be overcome by a demonstration that Petitioner was actually innocent or if he shows "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman*, 501 U.S at 750. Neither option rescues Petitioner's

5

defaulted claim. First, as to actual innocence, the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), and that the gateway "should only open when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.*, at 401. Here, Petitioner has made no such showing and, in any event, this is not one of those rare cases in which the actual innocence gateway would apply. *See, e.g., Cummings*, 2023 WL 3093417, at *4.

Second, the "cause" component of the "cause and prejudice test must be something *external* to the petitioner, that is, something that cannot be attributed to him." Id. (Coleman, 501 U.S. at 753) (emphasis in original). Petitioner could have pursued an administrative appeal of the Board's October 26, 2022, decision but he did not. This failure precludes a finding of "cause" to overcome his default.

Because Petitioner procedurally defaulted his claim challenging the Board's October 26, 2022, decision which recalculated his maximum parole date upon his recommittal as a parole violator, his claim will be denied.

III.     Certificate of Appealability

*No Certificate of Appealability Will Issue.*

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It

also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find the Court's disposition of Petitioner's claims to be debatable. Accordingly, the Court will not issue a certificate of appealability on any of Petitioner's grounds for relief.

IV.   Conclusion

Based on all of the foregoing, the Court deny the Petition (ECF No. 9), deny a certificate of appealability, and direct the Clerk of Court to close this case. An order to that effect will issue separately.

DATED this 22nd day of January, 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE